1
2
3
4
5
6
7
8                       IN THE UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10  STEVE BADUE,
11          Plaintiff,                    No. CIV S-10-2313 EFB (TEMP) P
12      vs.
13  KARI REEVE, et al.,
14          Defendants.                   ORDER
15  _____/
16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42
17  U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This
18  proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is
19  before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal.
20  Local Rules, Appx. A, at (k)(4).
21       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.
22  § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.
23       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C.
24  §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect
25  the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.
26  ////

1  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding
2  month's income credited to plaintiff's prison trust account.  These payments will be forwarded
3  by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
4  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5  Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in
6  which a prisoner seeks redress from a governmental entity or officer or employee of a
7  governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable
8  claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,
9  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief
10 from a defendant who is immune from such relief."  *Id.* § 1915A(b).

11 A district court must construe a pro se pleading "liberally" to determine if it states a
12 claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
13 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While
14 detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of
15 action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.
16 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff
17 must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is
18 plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

23 *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the
24 framework of a complaint, they must be supported by factual allegations, and are not entitled to
25 the assumption of truth.  *Id.* at 1950.
26 ////

2

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

Plaintiff identifies two defendants in his complaint: Deputy District Attorney Kari Reeve and Superior Court Judge Benjamine Oros. While it is not entirely clear, it appears plaintiff takes issue with their participation in Sacramento County Superior Court case no. 08F07696. It appears the result of that case is that plaintiff stands convicted of failing to register as a sex offender.

To the extent plaintiff seeks damages against Reeve, plaintiff can not obtain relief because prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409 (1976). As for Judge Oros, the Supreme Court has held that judges acting within the course and scope of their judicial duties are also absolutely immune from liability for damages under § 1983. *Pierson v. Ray*, 386 U.S. 547 (1967). Accordingly, plaintiff cannot sue Reeve or Oros for damages.

Furthermore, any claim plaintiff might have related to his conviction for failing to register as a sex offender is barred by the Untied States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). There, the Court found that a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed. *Id.* at 486-87. Plaintiff has not shown

3

his conviction has been reversed and, as indicated above, is presently incarcerated.

For all of these reasons, this action will be dismissed. Leave to amend will not be granted because there does not appear to be any real possibility that plaintiff can state a claim upon which relief could be granted against defendants for matters concerning his conviction for failure to register as a sex offender. *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

Finally, the court notes that plaintiff has filed two motions. The first was filed on December 27, 2010. In that motion plaintiff seeks "vindication of civil rights." This motion is not proper and will be denied. In the second motion, filed February 18, 2011, plaintiff seeks sanctions against defendants for not responding to plaintiff's December 27, 2010 motion. Plaintiff's motion will be denied as the defendants have not appeared in this action because the court has not authorized service of process on them.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dckt. No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The motions filed by plaintiff on December 27, 2010 and February 18, 2011 are denied.

4. Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

5. The Clerk is directed to close the case.

DATED: March 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4